IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAEOLA BRYANT, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| Defendant | : | No. 07-3271 |

### REPORT AND RECOMMENDATION

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                                                May     , 2008

This action was brought pursuant to 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security ("Commissioner") denying the claims of Maeola Bryant ("Plaintiff") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.  42 U.S.C. §§ 401-433, 1381-1383f.  For the reasons set forth below, I recommend that the final decision of the Commissioner be vacated, and this matter be remanded for further proceedings consistent herewith.

### I. PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on February 23, 1998, alleging disability since November 13, 1997, due to back pain, disc herniation with possible degenerative disease, and mental health problems.  (Tr. 19).  After Plaintiff's application was denied, (Tr. 19), she requested a hearing before an Administrative Law Judge

1

("A.L.J."). A hearing was held on June 15, 2000, during which Plaintiff appeared and testified. (Tr. 92-125). Plaintiff's claim was denied by the A.L.J. on August 24, 2000. (Tr. 19). On July 13, 2004, the Appeals Council reviewed the A.L.J.'s decision and ruled that the decision should be vacated and the matter remanded for further consideration. (Tr. 19).

Prior to the Appeals Council ruling on July 13, 2004, Plaintiff filed another application for disability benefits on July 11, 2001. (Tr. 19). This application was denied initially and upon reconsideration. (Tr. 19). Thereafter, Plaintiff requested a hearing before an A.L.J., but this request was not acted upon as her earlier application was still pending before the Appeals Council. After the Appeals Council remanded the matter on July 13, 2004, the A.L.J. consolidated the issues related to the February 23, 1998, and July 11, 2001, applications for DIB and SSI. A hearing was held on June 22, 2005, at which Plaintiff and a vocational expert ("V.E.") testified. (Tr. 19). On August 9, 2005, the A.L.J. issued a decision denying Plaintiff's claims for DIB and SSI. (Tr. 34). The Appeals Council denied Plaintiff's request for review on June 12, 2007, making the A.L.J.'s decision the final decision of the Commissioner. (Tr. 8). Plaintiff then properly filed this action seeking judicial review of the final decision of the Commissioner.

## II. STANDARD OF REVIEW

Under the Social Security Act, a claimant is disabled if he or she is unable to engage in "any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to . . . last for a continuous period of not less than twelve (12) months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Under the medical-vocational regulations, as promulgated by the Commissioner, a five-(5-) step sequential evaluation is to be utilized to evaluate disability claims.[1] In pressing his or her claim, the burden is solely upon the claimant to prove the existence of a disability. 42 U.S.C. § 423(d)(5). A claimant satisfies this burden by showing an inability to return to former work. Once a showing is made, the burden shifts to the Commissioner to show that the claimant, given his or her age, education, and work experience, has the ability to perform specific jobs that exist in the economy. Rossi v. California, 602 F.2d 55, 57 (3d Cir. 1979).

Judicial review of a final decision of the Commissioner is limited. The District Court is bound by the findings of the Commissioner if they are supported by substantial

---

[1] These steps are as follows:
>First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, then the Commissioner considers in the second step whether the claimant has a "severe impairment" that significantly limits his physical or mental ability to perform basic work activities. If the claimant suffers a severe impairment, the third inquiry is whether, based on the medical evidence, the impairment meets the criteria of the impairment listed in the "listing of impairments," (citations omitted), which result in a presumption of disability, or whether the claimant retains the capacity for work. If the impairment does not meet the criteria for a listed impairment, then the Commissioner assesses in the fourth step whether, despite the severe impairment, the claimant has the residual functional capacity to perform his past work. If the claimant cannot perform his past work, then the final step is to determine whether there is other work in the national economy that the claimant can perform.

Sykes v. Apfel, 228 F.3d 259, 262-263 (3d Cir. 2000); see also 20 C.F.R. §§ 404.1520, 416.920.

evidence and decided according to correct legal standards. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989); Coria v. Heckler, 750 F.2d 245, 247 (3d Cir. 1984). Substantial evidence is "more than a mere scintilla," and "such relevant evidence as a reasonable mind might accept as adequate." Burnett v. Apfel, 220 F.3d 112, 118 (3d Cir. 2000) (internal quotations omitted). Even if the record could support a contrary conclusion, the decision of the A.L.J. must be affirmed as long as there is substantial evidence to support that decision. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)).

### III. FACTS

Plaintiff was born on November 16, 1960, and was thirty-eight (38) years old at the time of the her initial application for SSI and DIB. (Tr. 127, 19). Plaintiff lives with her three (3) children, has a GED, and past relevant work experience as a nurse's assistant (Tr. 32, 49, 51).

### IV. DISCUSSION

By decision dated August 9, 2005, the A.L.J. found in relevant part:

\*\*\*\*

2. [Plaintiff] has not engaged in substantial gainful activity for the relevant period in question.

3. [Plaintiff] has medically determinable lumbar, obesity, and depression impairments which are severe in nature, and which could reasonably result in the symptoms as alleged.

4. [Plaintiff's] impairments do not meet or equal the criteria of any of the

4

> impairments listed in Appendix 1, Subpart P, Regulations No. 4.
>
> 5. [Plaintiff's] assertions are not fully credible concerning the intensity, persistence and limiting effects of her impairment.
>
> 6. [Plaintiff] retains the residual functional capacity to perform the functional demands of a restricted range of light level exertional work. [Plaintiff] is capable of performing postural activities with no more than occasional frequency; is capable of interacting with co-workers and the general public with no more than occasional frequency; and is capable of performing no more than simple, one or two step tasks.
>
> 7. [Plaintiff] is incapable of performing her past relevant work.
>
> \*\*\*\*
>
> 9. Based on a physical capacity for the full range of light level exertional work, and [Plaintiff's] age, educational background and work experience, Sections 404.1569 and 416.969, and Medical-Vocational Rules 202.18 and 202.19 of Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion that [Plaintiff] is not disabled.
>
> 10. [Plaintiff] is capable of making an adjustment to work which exists in significant numbers in the national and regional economies . . . A finding that [Plaintiff] is not disabled is therefore reached within the framework of the Medical-Vocational guidelines.
>
> 11. [Plaintiff] is not disabled, as that term is defined in the Social Security Act and regulations, at any time through the date of this decision (20 C.F.R. § 404.1520(g) and § 416.920(g)).

(Tr. 33-34). Thus, the A.L.J. reached step five (5) of the five- (5-) step sequential evaluation and found that Plaintiff was not disabled. (Tr. 33). Plaintiff contends that the evidence of record illustrates that she is disabled and that the A.L.J.'s finding is not supported by substantial evidence. Specifically, Plaintiff asserts that: 1) the A.L.J's physical conclusions are not supported by substantial evidence; 2) the A.L.J's mental

5

conclusions are not supported by substantial evidence; and 3) the A.L.J.'s analysis contradicts the Third Circuit's "pace" analysis in Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004).

### A. Substantial Evidence Supports the A.L.J.'s Physical Findings

Plaintiff first argues that the A.L.J.'s physical findings are not supported by substantial evidence because the A.L.J. substituted his own lay opinion for that of Plaintiff's treating physicians.[2]

The A.L.J. is not permitted to employ his or her own expertise against that of a physician who presents competent medical evidence and the A.L.J. must give reasons for discounting the physicians' opinions. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citations omitted). Furthermore, the A.L.J. must give treating physicians' reports great weight and can only reject a treating physician's opinion on the basis of "contradictory medical evidence." Id. (citations omitted). However, the A.L.J. can grant "more or less weight" to a treating physician's findings based "upon the extent to which supporting explanations are provided." Id. (citing Newhouse v. Heckler, 753 F.2d 283, 286 (3d Cir. 1984)). Therefore, the A.L.J. is only compelled to afford a treating physician controlling weight where the physician's determinations pertaining to Plaintiff's

---

[2]Plaintiff argues that her *prima facie* burden of showing disability was satisfied by showing an inability to perform past relevant work. See Pl. Br. at 4-5. However, it is well established that the claimant bears the burden of demonstrating that there is a medically determinable impairment that prevents her from engaging in substantial gainful activity. See Plummer v Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

6

impairments are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other evidence" in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

In discounting the opinion of treating physician, Wilbur Oaks, M.D., the A.L.J. noted that Dr. Oaks based his opinions solely on Plaintiff's subjective complaints and that he provided no objective clinical diagnostic or laboratory findings to support his findings regarding Plaintiff's limitations. (Tr. 30). In addition, the A.L.J. noted that Dr. Oaks failed to offer any specific medical observations which formed the basis of his opinion. (Tr. 30). The A.L.J. also indicated that the medical records do not provide "significant evidence" of musculoskeletal or neurologic compromise to the degree suggested by Dr. Oaks. (Tr. 30). Ultimately, the A.L.J. found that Dr. Oaks opinions were inconsistent with other medical reports. (Tr. 30).

In assessing Dr. Oaks opinion, the A.L.J. considered the entirety of Plaintiff's medical records regarding her physical limitations, including the medical assessments and observations of Plaintiff's treatment providers as well as medical tests. The medical evidence the A.L.J. reviewed included: Plaintiff's testimony; MRIs of Plaintiff's back; doctors' reports, including Dr. Oaks reports; blood pressure readings; surgery records; diagnostic testing related to Plaintiff's claims of foot pain and eye impairments; and Plaintiff's records regarding claims of dizziness, headaches and hand pain. (Tr. 25-29, 319-324, 342-344, 410, 515,523, 645-667, 688-692, 735-790).

This Court finds that substantial evidence supports the A.L.J.'s conclusion that Dr. Oaks' opinion that Plaintiff is permanently disabled is not substantiated by the medical record. In support thereof, I note that although Plaintiff's medical records do support her subjective complaints of back and leg pain, MRIs and consultations with specialists do not support the contention that Plaintiff is permanently disabled. For example, in 1998, Pietro Colonna-Romano, M.D., found that while Plaintiff showed signs of lumbar degenerative disease in her back, Plaintiff had no sensory or motor deficits, her straight leg raising was negative and the rest of her lumbar spine was normal. (Tr. 321). Four (4) months later, Plaintiff saw A. Charles Winkelman, M.D., a neurologist, who found that Plaintiff had no neurological issues and that with exercise and a loss of weight, Plaintiff could return to work. (Tr. 323). Similarly, in 2000, after Plaintiff's surgery, an MRI showed that Plaintiff had "mild degenerative disc disease" and "mild degenerative change" of the hip and sacroiliac joint. (Tr. 646). Plaintiff's medical records indicate that while she may have degenerative disease, she had very little, if any, limitation on her physical abilities. Further, in the "Physical Residual Functional Capacity Assessment," completed October, 30, 1998, the reviewing doctor found that Plaintiff did not have any exertional or postural limitations. (Tr. 334-341).

Contrary to Plaintiff's argument that the A.L.J. failed to consider Plaintiff's doctors' opinions and medical records regarding her physical limitations in the residual functional capacity determination, I find that the A.L.J. did consider this evidence.

Indeed, the A.L.J. reduced Plaintiff's range of work from medium to heavy to a restricted range of light work to accommodate these limitations. (Tr. 33). Moreover, the A.L.J. did not substitute his lay opinion as Plaintiff contends, but instead considered relevant evidence of Plaintiff's limitations and in step five (5) of the evaluation, properly limited Plaintiff to jobs that she can perform with her physical impairments.

Because I find that the A.L.J. appropriately considered the medical evidence and the opinions of Plaintiff's treating physicians regarding her physical impairments, I find that this aspect of the A.L.J.'s decision is supported by substantial evidence.

### B. The A.L.J.'s Findings Regarding Plaintiff's Mental Limitations are Inconsistent

Plaintiff next argues that substantial evidence does not support the A.L.J.'s finding regarding Plaintiff's mental limitations. In support thereof, Plaintiff argues that the opinion of her psychiatrist, Juel Nall, M.D., was improperly discounted and that his opinions should have been accorded greater weight.

Dr. Nall opined that Plaintiff met the § 12.04 listing for depression. The A.L.J. found that Plaintiff did *not* meet the listing for depression. In reaching this conclusion the A.L.J. stated:

> Dr. Nall appears to have based his assessment primarily, if not solely, upon [Plaintiff's] assertions and complaints; that he provided no clinical or diagnostic findings to support the degree of limitation assessed; that he failed to offer any indication or description of the specific medical observations utilized to form the basis for his assessment; that he offered no specific rationale for his assessment, so that it is impossible to discern how the documentary medical evidence gave rise to his ultimate opinion; that he

> failed to cite any specific occasions which establish [Plaintiff's] inability to perform activities of daily living, any specific instances describing [Plaintiff's] inability to interact with other people, or any specific occurrences utilized as an example of [Plaintiff's] poor attention or concentration, that his assessment is inconsistent with contemporaneous GAF scores of 60; that his assessment is inconsistent with specific medical findings and/or observations made elsewhere in the record; that his assessment is not supported by reports which indicate only routine, conservative, outpatient care; and that his assessment is inconsistent with [Plaintiff's] self-reported activities of daily living.

(Tr. 31). Although Dr. Nall opined that Plaintiff has *marked* limitations in maintaining social functioning and in maintaining concentration, persistence, or pace, (Tr. 405), the A.L.J. instead found that Plaintiff has *moderate* limitations in maintaining social functioning, and in maintaining concentration, persistence, or pace. (Tr. 24, 31). Significantly, while the A.L.J. justified discounting Dr. Nall's opinion, he did not specify how he came to the conclusion that Plaintiff suffers moderate limitations in maintaining concentration, persistence, or pace and in maintaining social functioning. As such, I find that further clarification is needed regarding the level of Plaintiff's mental impairment.

Therefore, I find that this aspect of the A.L.J.'s decision is not supported by substantial evidence. Accordingly, I recommend that this issue be remanded for further consideration of Plaintiff's mental limitations.

### C. The A.L.J.'s Hypothetical to the Vocational Expert Did Not Adequately Take Into Account Plaintiff's Mental Limitations

Plaintiff next contends that the A.L.J. failed to consider her mental limitations when presenting a hypothetical to the V.E. A hypothetical question must reflect all of a

claimant's impairments that are supported by the record; otherwise, the question is deficient and the expert's answer to it cannot be considered substantial evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987).  Great specificity is required when an A.L.J. incorporates a claimant's mental or physical limitations into a hypothetical.  Ramirez v. Barnhart, 372 F.3d 546, 554-555 (3d Cir. 2004) (citing Burns v. Barnhart, 312 F.3d 113, 122 (3d Cir. 2002)).  However, in eliciting testimony from a V.E., the A.L.J.'s hypothetical need not contain every impairment alleged by the claimant, but must only convey all of the claimant's credibly established limitations.  Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005).

Here, Plaintiff argues that the A.L.J. should have included her difficulties in maintaining concentration, persistence, or pace, and in maintaining social functioning in the hypothetical to the V.E.  I find that these limitations *should* have been included in the hypothetical to the V.E.  As a result, I am compelled to find that this aspect of the A.L.J.'s decision is not supported by substantial evidence.  Accordingly, I recommend that this issue also be remanded for further consideration of Plaintiff's restrictions on maintaining concentration, persistence, or pace, and social functioning.

Therefore, I make the following:

## **RECOMMENDATION**

AND NOW, this      Day of May, 2008, it is RESPECTFULLY RECOMMENDED that Plaintiff's request for review be GRANTED IN PART; the final decision of the Commissioner be VACATED; and the case be REMANDED to the Commissioner for further proceedings in accordance herewith.

BY THE COURT:


s/Peter B. Scuderi
PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE